# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VEGA,<br><br>         Plaintiff,<br> vs.<br><br>TRADESMEN INTERNATIONAL, INC.,<br>AMERICAN HOME ASSURANCE,<br><br>         Defendant. | CASE NO. 10CV0459-LAB (AJB)<br><br>**ORDER RE: ATTORNEY'S FEES** |

  Plaintiff Vega was awarded disability compensation under § 18(a) of the Longshore and Harbor Workers' Compensation act ("Longshore Act"), 33 U.S.C. § 918(a), by the Department of Labor's Office of Worker's Compensation Programs/Division of Longshore & Harbor Workers' Compensation. Vega and filed a petition in this Court seeking entry of judgment in order to enforce the order. The petition attached a copy of the Department of Labor's order and award.

  After the petition was filed, Vega filed a motion notifying the Court that Defendants had complied with the order, but seeking attorney's fees. While it is now unnecessary to grant the request for entry of judgment, Vega is entitled to reasonable attorney's fees for the petition, under § 28(a) of the Longshore Act, 33 U.S.C. § 928(a). Defendants filed an opposition, agreeing that all issues besides attorney's fees had been settled. They do not dispute that Vega is entitled to fees, but argue that the amount sought is excessive.

## I. Legal Standards

The Ninth Circuit has determined the use of the lodestar method to calculate attorney's fees under a federal fee-shifting statute is proper. *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007). To arrive at the lodestar figure, multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983 ). The result represents a presumptive reasonable fee, and may be adjusted upward or downward "only in " 'rare' and 'exceptional'" cases based on several factors. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.

*Van Gerwen*, 214 F.3d at 1045 n.2 (9th Cir. 2000) (citing *Hensley*, 461 U.S. at 430 n.3). Vega bears the burden of producing evidence to support the number of hours billed and the hourly rates claimed. *Id*. at 1045.

Attorney's fees are to be calculated according to the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The relevant community is generally defined as the form in which the district court sits. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

Defendants cite 20 C.F.R. § 702.132(a), which provides in pertinent part:

> Any person seeking a fee for services performed on behalf of a claimant with respect to claims filed under the Act shall make application therefor to the . . . court . . . before whom the services were performed (See 33 U.S.C. 928(c)). . . .The application shall be supported by a complete statement of the extent and character of the necessary work done, described with particularity as to the professional status (e.g., attorney, paralegal, law clerk, or other person assisting an attorney) of each person performing such work, the normal billing rate for each such person, and the hours devoted by each such person to each category of work. Any fee approved shall be reasonably commensurate with the necessary work done and shall take into account the quality of the representation, the complexity of the legal issues involved, and the amount of benefits awarded . . . .

## II. Discussion

Vega requests an award of $2,373.05 for work as follows: 5.0 hours "Work on Petition"; 1.0 hour, "Personally file pet. w. DC, explain to Clerk how petition works[,] talk to John re offer"; .25 hours "Call from Marin re DC matter"; and .5 hours "Prepare Fee Petition." Vega's attorney Jeffrey Winter says his customary hourly fee is $350.00;[1] multiplied by the 6.75 hours of work, this is $2,362.50. Vega also requests $10.55 for costs, which Defendants do not contest. Vega's brief refers to exhibits, but none are attached, though Defendants received and responded to them.[2]

Defendants argue that four of the 6.75 hours are excessive, vague and ambiguous, but have submitted essentially the same objection to all 6.75 hours so it is unclear which 1.75 hours they believe are reasonable. Defendants have not briefed the issue of whether fees are recoverable under the Longshore Act for filing the fee petition itself. They argue that $285.00 is a reasonable hourly rate for the relevant market.

### A. Hourly Rate

While Vega's pleadings comply with the minimal requirements of 20 C.F.R. § 702.132(a), they don't explain why an hourly rate of $350 is the prevailing one in this District. Vega's cited surveys are not particular to this District, but instead sweep in areas such as Los Angeles and San Francisco where fees are typically higher. Mr. Winter's own rate is a relevant factor, *see Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006) ("That a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market."), but at the same time it is not determinative.

Defendants, for their part, misconstrue the nature of the legal work as being the same as the underlying claim. (Opp'n, 5:4–23.) Vega is requesting a fee award, not for the underlying hearing before the Department of Labor, but for having to file a petition in this

---

[1] Defendants' opposition incorrectly cites Winter's requested hourly rate as $335.00. (*See* Opp'n at 5:4–5, 5:27, 6:6, 7:8).

[2] The absence of these exhibits is of little importance, because they are regional surveys, and do not show prevailing rates in this District.

1 Court to enforce it. The Court agrees that the petition did not present particularly novel or
2 complex questions of law. At the same time, it is evident filing the petition required basic
3 federal litigation skills, and some specialized knowledge of admiralty law, disability law, and
4 administrative law. It is not every legal practitioner who can file such a petition, at least not
5 without a good deal of research. The additional expertise required raises the prevailing rate
6 above what would be appropriate in an ordinary disability or worker's compensation case.

7 The Court must also consider Mr. Winter's experience, skill, and reputation. *Welch*
8 *v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). Here, he is on firm ground,
9 and presents strong qualifications. He has over twenty years of experience, has tried a large
10 number of cases, has handled a significant number of appeals, and has expertise in
11 admiralty and maritime law. The Court also notes that Vega obtained an award of over
12 $43,000. To enforce the judgment and collect his award, it was reasonable for him to hire
13 an attorney with Mr. Winter's experience.

14 Defendants urge disability law or worker's compensation law as the best analog to the
15 legal work done here. In simple disability cases, hourly fees of roughly $170 and up are
16 common in this District.[3] *See, e.g., Aguilera v. Astrue,* 2009 WL 1156510, slip op. at *5
17 (S.D.Cal, Apr., 28, 2009) (awarding $170 per hour in social security disability case); *Fortes*
18 *v. Astrue*, 2009 WL 3007735, slip op. at *4 (S.D.Cal, Sept. 17, 2009) (awarding $172 per
19 hour in social security disability case); *Feezor v. Otay Lakes Road, L.P.*, 2008 WL 2705392,
20 *2 (S.D.Cal., July 9, 2008) (finding $250 per hour reasonable in Americans with Disabilities
21 Act case). In more complex cases, fees of up to $375 per hour may be considered
22 reasonable. *See, e.g., Walker v. City of San Diego*, 2009 WL 1010891, slip op. at *5
23 (S.D.Cal., Apr. 15, 2009) (referring to orders finding that $375 for plaintiff's attorney in
24 disability actions was reasonable). Defendants have cited cases where attorney's fees for
25 practice before the Benefits Review Board were awarded at lower hourly rates (from $200
26 / / /

27

28 [3] These cases are cited as illustrations only; the Court has not undertaken an exhaustive survey of fee awards.

to $285 per hour), but these cases did not take place in this district and furthermore they do not involve federal litigation to enforce awards.

The Court therefore determines, in view of the applicable considerations, that $350.00 was a reasonable hourly rate for Mr. Winter's services in preparing and filing the petition to enforce the Department of Labor's order and award.

**B.    Hours Expended**

The clearest evidence of the legal work Mr. Winter performed is the petition and motion he filed. The body of the petition is four pages, and the body of the motion is three pages, plus exhibits.

The description given for the 5-hour block of time is simply "Work on Petition." Defendants object to this general description, to the use of block billing, and to the use of .25 hour billing increments. The Court agrees the description could and should have been somewhat more detailed, bearing in mind how short the petition is and also bearing in mind Mr. Winter's level of expertise. Most attorneys with this level of experience would be familiar with the relevant case law and might well have saved copies of similar petitions to use as starting points for new petitions. The work would have consisted primarily of Shepardizing or cite-checking, updating the petition to include any new authority, adding information particular to this case, preparing accompanying papers, and perhaps making arrangements for filing and serving the petition. Even if Mr. Winter had to draft the petition afresh, it is not clear why this would reasonably have taken five hours for someone with his experience and training. At the same time, his work product makes evident he must have worked diligently for at least a good part of the time claimed. Because, in the absence of further explanation, the time claimed appears unreasonable, the Court will reduce it to 3.5 hours.

Under 20 C.F.R. § 702.132(a), Vega may recover "a fee for services performed on behalf of a claimant with respect to claims filed under the [Longshore] Act . . . ." This appears to encompass the motion for attorney's fees, and Defendants have not argued otherwise. Mr. Winter was able to draft the motion in half an hour. While Defendants object that "[t]his entry is vague and ambiguous [and fails] to contain a complete statement of the

nature and necessity of the work performed," the Court sees no need for further explanation. Bearing in mind the small amount of time at issue, the explanation provided, "Prepare Fee Petition," was reasonable.

The remaining two entries are for personal filing of the petition, "explain[ing] to [the] Clerk how [the] petition works," and engaging in two discussions or calls. Filing the petition is, however, a ministerial task that can be delegated to support staff or messenger services, and is not appropriately billed as attorney work time. Mr. Winter could perform this task if he preferred, but Vega cannot reasonably require Defendants to pay for his time to do so. The entry for providing an explanation to the Clerk is unclear; apparently, this refers to a discussion with the intake clerk. But because this is insufficiently explained, fees for this time will not be awarded. The two discussions or calls appear to be to opposing counsel concerning this matter, but the description does not provide adequate explanation. The Court will therefore not award fees for this 1.25 hour period.

### III. Conclusion and Order

In view of the applicable standards, the Court determines an award of $350 per hour for a total of 4 hours is appropriate, for a total fee award of $1400. In addition to this, Vega is entitled to the uncontested costs of $10.55. The Court therefore **AWARDS** Vega $1410.55 in reasonable attorney's fees and costs against Defendants.

This award appears to resolve all remaining issues and that all other claims are moot. If any remain to be decided, the parties are directed to notify the Court no later than April 14, 2011. Otherwise, this action will be dismissed.

**IT IS SO ORDERED**.

DATED: March 29, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge